[No. 4093.]

RAYMOND ET AL. V. HARRISON.

1. VENUE—*Change of Venue.* Under sec. 27 of the Code of 1887 (Rev. Code, sec. 29) it seems that in an action for the price of goods sold it is the privilege of the plaintiff to designate the county of his residence as the place of trial. An application for a change of the venue, in such case, solely upon the ground that such county is not the proper county, should be denied. (486.)

2. —— *Waiver.* Where an application for a change of the venue is improperly granted, the error is waived by proceeding to trial in the county of the new venue, without objection. (486.)

*Eror to El Paso District Court.* HON. J. W. SHEAFOR, Judge.

Mr. JOSEPH D. PENDER, for plaintiffs in error.

(No appearance for defendant in error.)

KING, J., delivered the opinion of the court.

On January 30, 1912, plaintiffs in error filed their complaint in the District Court of the City and County of Denver to recover a sum of money alleged to be due and unpaid as the purchase price of merchandise sold and delivered by the plaintiffs to defendant, at Denver, Colorado. Defendant moved for a change of place of trial from the City and County of Denver to the County of El Paso, and supported

the motion by affidavit, which alleged that the defendant was a resident of the County of El Paso, had been served with summons in that county, and that the merchandise was not sold nor delivered to the defendant at the City and County of Denver, but at his place of business in the County of El Paso. The affidavit further stated that the transaction was by telephone, the plaintiffs being in the City and County of Denver, and the defendant at his place of business in Colorado Springs, El Paso County; that the plaintiffs called the defendant, offering to sell him the merchandise; that defendant agreed to purchase the same if upon inspection it was found to be as represented; that the merchandise was sent by express, and when received was rejected, and returned by express to plaintiffs. Plaintiffs filed a counter-affidavit, alleging that they were residents of the City and County of Denver; that by the terms of the agreement the goods were to be delivered, and were delivered, to the defendant by delivery to the Adams Express Company at the City and County of Denver, and that defendant agreed to pay the express charges. Motion for change of venue was granted. Trial to a jury; verdict and judgment for defendant.

The only objection urged here is that the court committed reversible error in granting the change of venue. Section 27, Civil Code, 1887, provides as follows:

"In all other cases the action shall be tried in the county in which the defendants, or any of them may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county; * * * Actions on book accounts or for goods sold and delivered, may be tried in the county where the plaintiff resides or in the county where the goods were sold."

We are not disposed to indulge in hair-splitting to determine whether under the circumstances detailed the merchandise was sold in the City and County of Denver as con-

tended by the plaintiffs, or in the County of El Paso as contended by the defendant. It would seem that under the code provision quoted, it was the privilege of the plaintiffs to designate the county of their residence as the place of trial in an action for goods sold and delivered, and that, having so elected, defendant could not as a matter of right demand a change of place of trial. Inasmuch as the motion was based only upon a showing that the county designated in the complaint was not the proper place for trial, we think the motion should have been denied. However, after the granting of such motion and transfer of the cause to El Paso County, the plaintiffs replied to defendant's answer, and voluntarily went to trial without objection to the jurisdiction. The District Court of El Paso County had jurisdiction of the subject matter. It was one of the counties in which the suit could properly be tried; therefore, when plaintiffs, without objection, went to trial, we think they invested that court with full jurisdiction to proceed therein, waived the error in granting the change of venue, and cannot now be heard to urge that objection. *O'Rourke v. O'Rourke,* 58 Colo., 300, 144 Pac., 890; *Greeley & Loveland Irr. Co. v. Farmers' Pawnee D. Co.,* 58 Colo., 462, 146 Pac., 247; *Fletcher v. Stowell,* 17 Colo., 94, 28 Pac., 326; *Christ v. Flannagan,* 23 Colo., 140, 46 Pac., 683; *Phoenix Indem. Co. v. Greger,* 39 Colo., 193, 88 Pac., 1066. In the first two cases cited, motion for change of venue was denied when it should have been granted. It was decided that by going to trial without further objection, the court was reinvested with jurisdiction, and the right to the change was waived. In *Fletcher v. Stowall, supra,* the cause of action was for the foreclosure of a mortgage on real property, being one of the cases in which it is provided that the cause *shall* be tried in the county in which the real property is situate. The action was brought in another county. Nevertheless, the court there held that by failing to appear in answer to the summons, the defendant waived his right to in-

sist upon that provision. We think the principle announced in the foregoing cases is controlling in this.

For the reasons given, the judgment is affirmed.

*Affirmed.*

Decided July 14, A. D. 1915. Rehearing denied July 26, A. D. 1915.