No. 13,580.

WELBORN *v.* BUCCI.
(37 P. [2d] 399)

Decided October 8, 1934.

Mr. HARRY LEDDY, for plaintiff in error.

Mr. GEORGE H. BLICKHAHN, for defendant in error.

*In Department.*

Mr. Justice Bouck delivered the opinion of the court.

The plaintiff in error Welborn, who was sued in the county court of Huerfano county, applied for a change of venue, which was denied. Standing on his motion, he suffered default and judgment to go against him, but appealed to the district court. There he again applied for a change of venue, which was again denied. A default was again entered, evidence was taken, and judgment again entered against Welborn. He brings the case here for review.

The complaint of the plaintiff Bucci, defendant in error here, alleged that he entered into an oral contract with Welborn whereby Bucci leased or rented to Welborn 1,020 sheep for one year, and Welborn agreed he would herd, feed, maintain and properly care for the sheep, and would, at the end of the year, redeliver the sheep to Bucci together with a rental, to consist of lambs equal in number to 20 per cent of the sheep leased, namely 204 lambs. It was further alleged that the sheep were duly delivered by Bucci to Welborn, and that at the appointed time Welborn redelivered to Bucci only 801 sheep, failed and refused to redeliver the remaining 219, and also failed and refused to deliver the agreed rental of 204 lambs. There are, in addition, allegations of the value of sheep and lambs. Damages are claimed for the alleged breach in the sum of $1,480.50 and interest.

Welborn based his verified petition for a change of venue in both the county and the district court upon the ground that, inasmuch as service of summons had been made upon him in Pueblo county, which is the county of his residence, he was entitled to have the case tried there. Bucci thereupon filed an affidavit alleging that he was at all times a resident of Huerfano county, that the contract in question was made and entered into in that county, that all the terms and conditions thereof were to be performed there, that the sheep were delivered by Bucci to Welborn in Huerfano county, that the returned

480

sheep were delivered there by Welborn to Bucci, and that the failure to deliver the remainder of the sheep and the lambs occurred in the same county.

The Code of Civil Procedure makes special provision in Code 1921, sections 25, 26 and 28, for the place of trial in certain specified classes of cases which clearly do not include the case at bar.

The Code then proceeds, Id., section 29, as follows: "In all other cases [including the case at bar] the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county * * *. Actions upon contracts may be tried in the county in which the contract was to be performed * * *."

Since it is admitted that service was not made on Welborn in the county of Bucci's residence, but in Welborn's home county of Pueblo, and as the action is one upon a contract, it is clear that under the above Code provision a trial could properly be had, if not in Pueblo county, then only in the county in which the contract was to be performed. The latter, as Bucci contends, is Huerfano county.

It has already been shown that, in opposition to Welborn's petition for change of venue, Bucci's affidavit expressly sets forth that the contract was to be wholly performed in Huerfano county. Welborn filed an affidavit contradicting the allegations of Bucci's affidavit, and claiming that the contract did not provide for any place of performance thereof. The issue as to the place, if any, agreed upon for performance of the contract was, however, submitted solely on the affidavits, for no other evidence was taken or offered on that vital issue. According to an elementary rule it was thereupon the duty of the trial court, according to its discretion, to decide such question of fact one way or the other on the conflicting evidence thus before it. This it did by denying the application for a change of venue, and no abuse of discretion

is indicated or suggested by the record herein. Therefore the usual presumption of judicial regularity necessarily carries the only reasonable implication, namely, that in the view of the court the contract was to be performed in Huerfano county, as contended by Bucci. The latter county was thus held to be one of the two in which a trial could lawfully be had. It was the one in which Bucci commenced the action. The choice as between the two counties rested not with Welborn, but with the plaintiff. Consequently the application for a change of venue was properly denied.

This case is pending on application for a supersedeas. Both parties ask us to decide it now on the merits. We accordingly do so.

Judgment affirmed.

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, and MR. JUSTICE HILLIARD concur.