## No. 14,401.

JOHNSON OIL, INC. *v.* ROGERS ET AL.
(87 P. [2d] 8)

Decided January 30, 1939.

Messrs. LANGDON & BARBRICK, for plaintiff in error.

No appearance for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION in replevin by plaintiff in error, who also was plaintiff below, to recover 7000 pounds of beans, or the value thereof alleged to be $161.00, and $50 damages. Suit was commenced in Pueblo county, but on motion, the venue was changed to Otero county. Two petitions in intervention were filed and allowed, and judgment was for defendants and interveners. On the writ of error here no appearance is made by either the defendants or interveners; however, we have the record and shall dispose of the case on the same.

The complaint alleged that plaintiff was a corporation, duly organized; that it was the owner, and entitled to possession, of 7000 pounds of beans of the value of $161.00; that on or about December 10, 1935, defendant O. D. Rogers wrongfully took possession of said beans and delivered them to Monty Rogers and D. B. Bassett, "who claim to be holding the same for the Wright Land Company, a corporation, * * * and ever since have withheld and now hold and detain the said property from plaintiff's possession against the will and against the consent of the plaintiff."

The defendant O. D. Rogers, a farmer, had grown some beans on three different tracts of land; one his own; another, land belonging to O. Johnson, the manager and principal owner of plaintiff corporation; and a third, belonging to the Wright Estate Company whose agent was defendant Monty Rogers. O. D. Rogers lived near Boone in Pueblo county, where plaintiff had its principal place of business, a garage, where it also sold oil and gas. The other defendants lived at Fowler, in Otero county. O. D. Rogers was served with summons in Pueblo county, where the suit was filed; the other defendants were served in Otero County, where the property sought to be replevied was stored. On the application of Monty Rogers,

based on his affidavit that he was a resident of Otero county, and that the property was in Otero county, a change of venue to Otero county was granted.

Petition in intervention by Colorado Rural Rehabilitation Corporation was based upon a chattel mortgage, duly filed of record, covering all of the beans grown by Rogers on the three tracts, and the petition in intervention of the George G. Wright Estate Company was based on its being a landlord entitled to one-fourth share of the crop, and 25 sacks of seed beans which it had furnished for planting it. Intervener Wright Estate Company prayed for possession of the property, or for the value thereof, and for special damages; intervener corporation for the property, or the value thereof, for costs and for other equitable relief.

Plaintiff relies on an alleged oral agreement between itself, acting through its principal owner and manager, and one Willard, the agent of the Colorado Rural Rehabilitation Corporation whereby the latter agreed that if Johnson would extend further credit to O. D. Rogers and furnish him, Rogers, with sufficient gas and oil to harvest the crop, that the plaintiff ''should receive from the crop sufficient beans to pay the entire bill for 1935 and that in reliance upon that Rogers was given additional credit.''

According to plaintiff's statement, 5465 pounds of beans were delivered in November by Rogers to Johnson from the Johnson place. ''Johnson was entitled to one-fourth of these as rental and the balance, estimated at 3566 pounds of recleaned beans, were applied as credit upon indebtedness of O. D. Rogers in the amount of $82.01, leaving a balance owing of $104.20. The beans raised on O. D. Rogers' own place were delivered to Monty Rogers at Fowler and amounted to 52 sacks recleaned. The last load of the beans consisting of five or six hundred pounds from Rogers' own place and the balance from the Wright place, and amounting in all to 4775 pounds of beans in the dirt, were taken to Boone by O. D.

Rogers in a truck belonging to the plaintiff which had been loaned to him. O. Johnson, acting for the plaintiff, demanded of O. D. Rogers that he turn these beans on his bill. O. D. Rogers said that he owed Monty Rogers 25 sacks for seed beans. Johnson and O. D. Rogers went to Fowler to talk to Monty Rogers but were unable to contact him. Upon their return to Boone the truck load of beans was placed in the garage. Later Monty Rogers went to Boone with O. D. Rogers and talked to Johnson. Monty Rogers insisted that all the beans be turned over to him. Johnson claimed he was entitled to a portion at least, and no agreement was arrived at, Johnson telling them to replevy the beans so the matter could be settled. Sometime later the truck was unloaded and the beans placed in a bean warehouse of the plaintiff at Boone, separated from beans belonging to plaintiff by a partition set in the bin.''

The record further discloses that in December O. D. Rogers surreptitiously obtained possession of a truck load of beans which were stored in Johnson's warehouse, took them to Fowler and delivered them to the defendant Monty Rogers who placed them in the Bassett warehouse under the name of the George G. Wright Estate Company. He took 7400 pounds of beans ''in the dirt,'' which, when cleaned, amounted to 6100 pounds.

The court gave Monty Rogers judgment for his costs; the George G. Wright Estate Company judgment for 4000 pounds of recleaned beans in 100 pound sacks, or in case a return could not be had, for their value placed at $92, and special damages for taking and withholding the same in the sum of $78, together with costs; and for the Colorado Rural Rehabilitation Corporation for 2200 pounds of beans, or their value, $50.60, and costs.

The two principal contentions advanced by plaintiff in error are: 1. The granting of the change of venue from Pueblo to Otero counties was illegal. 2. Impropriety of the judgments in favor of interveners.

1. While the record does not disclose upon what

provision of the Code the court relied when he ordered the change of venue, we assume that it was section 26 which reads: "All actions affecting property * * * shall be tried in the county where such property * * * is situated * * *. And it shall be the duty of the court, upon application * * * to transfer any case to the county in which such property * * * is situated. After the application is made, the court shall have no jurisdiction, except for the purposes of entering the order of transfer." '35 C. S. A., vol. 1, p. 36, §26, S. L. '05, p. 166.

Counsel for plaintiff in error rely upon the case of *Adamson v. Bergen,* 15 Colo. App. 396, 62 Pac. 629, but the very paragraph, on page 399, on which reliance is placed goes on to say, "Unless there should be a disclosure of something to the contrary * * *," and it is to be noted that the subject of dispute in that case was one of contract, which comes under another provision of the Code; consequently the authority is not applicable here. *Welborn v. Bucci,* 95 Colo. 478, 37 P. (2d) 399.

■ 2. If there is anything improper in the judgment below, it is not such as to afford plaintiff any ground for complaint. As indicated, he relies upon an alleged oral agreement with the agent of the Colorado Rural Rehabilitation Corporation. As to whether there was such an agreement his counsel admits, "At this point the conflict in the testimony arises." Members of the Johnson family testified that there was a contract, and the agent for the corporation said there was not. The court chose to believe the agent. We do not disturb a trial court's conclusion on conflicting evidence. The oral contract not being established, the corporation's chattel mortgage was not waived.

Otherwise, the judgment is supported by competent evidence. Monty Rogers, as agent for the Wright Estate Company, testified he gave O. D. Rogers 25 hundred-pound sacks of beans for seed, which at $2.30 a hundred totals $57.50, and $35 to pay some help. These two

items amount to $92.50. The court fixed the sum at $92. The company asked $100 as special damages. The court allowed it $78. We cannot say that as a trier of fact, it erred in this respect. 54 C. J. 513.

As to the remainder of the beans, and as to this plaintiff, the chattel mortgage of the Colorado Rural Rehabilitation Corporation was good.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.