**Ronald R. SMITH, Plaintiff-Appellant and Cross-Appellee,**

v.

**Richard F. HUBER and Virginia Lee Huber, individually, and Blue River Findings and Jewelry, Inc., a Colorado corporation, Defendants-Appellees and Cross-Appellants.**

No. 80CA1151.

Colorado Court of Appeals, Div. II.

April 14, 1983.

Rehearing Denied May 12, 1983.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

French & Stone, P.C., Gary S. Mallo, Robert W. Stone, Mark M. Haynes, Boulder, for plaintiff-appellant and cross-appellee.

Richard N. Graham, P.C., Richard N. Graham, Englewood, for defendants-appellees and cross-appellants.

SMITH, Judge.

Plaintiff, Ronald Smith, appeals from a judgment of the trial court denying him relief and entering judgment in favor of defendants, Richard and Virginia Huber, on their counterclaim. We affirm.

Smith commenced this action against the Hubers seeking relief in the form of a judgment for possession of certain personal property pledged as security in conjunction with the sale to the Hubers of the stock of Smith's business, Blue River Findings and Jewelry, Inc., (company). Smith also sought judgment for damages based upon the Hubers' default on three promissory notes executed in conjunction with the sale. The Hubers moved for change of venue and venue was transferred from Denver to Arapahoe County. By way of answer and counterclaim, the Hubers asserted fraud on the part of Smith and sought the equitable remedy of rescission of the contract.

Trial was to the court without a jury. At the conclusion of the trial the court found that Smith had made false material representations as to the annual sales of the company for the year 1976, the amount of inventory to be transferred to the Hubers at the time of the closing, and that the Hubers were buying a "going concern." The court further found that these repre-

sentations were justifiably relied on by the Hubers, to their detriment, and that the representations were made with knowledge of their falsity. The court determined that the Hubers were entitled to the relief they had requested in their counterclaim, rescission of the contract. Judgment was so entered.

## I.

Smith's primary contention on appeal is that the change of venue from Denver to Arapahoe County was improperly granted by the Denver District Court and that, therefore, any proceedings which took place after the transfer were void and without effect. We disagree.

Smith, a non-resident of Colorado, filed his suit in Denver County where the last office of the company had been, and where one of the financing statements declared part of the personal property pledged as security would be kept. The Hubers, who at all times pertinent hereto were Arapahoe County residents had, prior to suit, closed the company's office in Denver and moved all of the secured property to Arapahoe County. The Hubers and the company were served in Arapahoe County. Payments under the notes (the only unperformed portion of the contract) were to be made in Grants, New Mexico.

There can be little doubt that Arapahoe County was a proper venue county, and arguably Denver County was as well under C.R.C.P. 98(a) and (c).

■ Generally, when there is more than one proper place of venue, the choice of place of trial rests with the plaintiff. *Welborn v. Bucci,* 95 Colo. 478, 37 P.2d 399 (1934). And where an action is originally brought in a proper county, a change of venue should not ordinarily be granted. *Progressive Mutual Insurance Co. v. Mihoover,* 87 Colo. 64, 284 P. 1025 (1930). An exception to this rule occurs when the court acts to promote the convenience of witnesses and the ends of justice under C.R.C.P. 98(f)(2).

■ In the instant case the Denver District Court gave no cause for granting the change of venue. However, if, after such change of venue is granted, the resisting party elects to proceed to trial without further objection, he thereby waives any error in granting the change of venue, and cannot thereafter be heard to urge this as error. *Cheney v. Crandell,* 28 Colo. 383, 65 P. 56 (1901); *Raymond v. Harrison,* 27 Colo. App. 484, 150 P.2d 727 (1915). Smith made no objection to venue after the transfer to the Arapahoe County district court, nor did he seek relief by original proceeding in the Supreme Court, and the case was tried in Arapahoe County before a court that had jurisdiction over the subject matter and the parties in a county where proper venue was laid. Accordingly, Smith cannot now object to the judgment entered against him on the basis that the change of venue was improper.

## II.

■ Contrary to the assertion of Smith, there is abundant evidence in the record to support the trial court's findings that the Hubers had reasonably relied, to their detriment, upon false representations of Smith, and thus, such findings will not be disturbed on appeal. *Sodal v. French,* 35 Colo. App. 16, 531 P.2d 972 (1974).

## III.

Smith also contends that rescission was an inappropriate remedy as he could not be restored to his prior position. We disagree.

■ Smith argues that because he could not get back exactly what he sold, there can be no rescission. It is the general rule that a party seeking to rescind a contract must return the opposite party to the position in which he was prior to entering into the contract. However, this is not a technical rule, but rather it is equitable, and requires practicality in readjusting the rights of the parties. *United States v. Blair,* 193 F.2d 557 (10th Cir.1952). The standard used is "substantial restoration of the status quo." *Bankers Trust Co. v. Hall,* 116 Colo. 566, 183 P.2d 986 (1947); *Gertner v. Limon National Bank,* 82 Colo. 13, 257 P. 247 (1927). How this is to be accomplished, or indeed whether it can, is a matter which is within the discretion of the trial court, under the facts as found to exist by the

trier of the fact. *See United States v. Blair, supra; see also, Bankers Trust Co. v. Hall, supra.* Here, there was conflicting evidence as to what would be required to restore the "status quo ante." However, the trial court's factual determinations are supported by the evidence, and we perceive no abuse of discretion.

## IV.

 Finally, the Hubers cross-appeal claiming that the trial court erred in allowing set-offs to the judgment for certain delinquencies on cash register leases. We disagree.

The trial court determined that the Hubers were responsible for paying certain cash register leases, and that their failure to do so had cost Smith $200 as the result of a judgment entered against him in New Mexico. This finding is supported by the evidence and must, therefore, be upheld on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

Accordingly, judgment is affirmed.

PIERCE and TURSI, JJ., concur.