EXECUTIVE DIRECTOR, COLORADO DEPARTMENT OF CORRECTIONS (DOC); and Major Charles Watson, Petitioners,

v.

DISTRICT COURT FOR BOULDER COUNTY, State of Colorado; and the Honorable Murray Richtel, one of the Judges thereof, Respondents.

No. 96SA94.

Supreme Court of Colorado,
En Banc.

Sept. 23, 1996.

Gale A. Norton, Attorney General, Timothy M. Tymkovich, Solicitor General, Garth Lucero, Deputy Attorney General, Jane R. Christman, First Assistant Attorney General, Douglas J. Cox, Assistant Attorney General, Tort Litigation Section, Denver, for Petitioners.

Indian Law Clinic, University of Colorado School of Law, Robert J. Golten, Director, Boulder, Melinda Badgley Orendorff, Pueblo, for Plaintiffs Gilbert Jones and Edward Flys Away.

Chief Justice VOLLACK delivered the Opinion of the Court.

In this original proceeding filed pursuant to C.A.R. 21,[1] we issued a rule to show cause why Boulder County District Court should not grant the petitioners' motion for a change of venue. We hold that the district court erroneously denied the petitioners' motion for change of venue under C.R.C.P. 98(b)(2). We thus make the rule to show cause absolute.

I.

Plaintiffs Gilbert Jones (Jones) and Edward Flys Away (Flys Away) are two inmates at the Colorado Territorial Correctional Facility (CTCF) in Fremont County. Plaintiffs Bill Hugenberg (Hugenberg) and Marlon Sherman (Sherman) were two former law students at the University of Colorado School of Law in Boulder, Colorado. Hugenberg and Sherman, by a telephone call originating in Boulder, arranged with a Department of Corrections (DOC) official in Cañon City to visit with Jones and Flys Away at the

---

1. C.A.R. 21(a) provides that relief in the nature of prohibition is a proper remedy where the district court has granted or denied a change of venue in actions for which the statute prescribes the forum.

CTCF. However, when Hugenberg and Sherman arrived at CTCF at the appointed time, the DOC denied them access to Jones and Flys Away due to institutional regulations.[2]

Pursuant to 42 U.S.C. § 1983 (1988), the plaintiffs subsequently filed an action in Boulder County District Court against the DOC, seeking damages for claims of negligence and denial of civil rights under color of state law.[3] The plaintiffs asserted venue in Boulder County pursuant to C.R.C.P. 98(b)(2), and the DOC moved for a change of venue to Fremont County. The district court denied the DOC's motion, finding that the plaintiffs' claims in this case arose from visitation arrangements which were made, in part, in Boulder County. The DOC filed a petition for original proceeding, requesting that this court issue an order requiring the district court to change the venue in this case to Fremont County. Pursuant to the DOC's petition, we issued an order to show cause.

## II.

C.R.C.P. 98(b)(2) controls venue for all actions against public officers for acts done or the failure to perform acts in public office. *7 Utes Corp. v. District Court,* 702 P.2d 262, 267 (Colo.1985). Rule 98(b)(2) provides, in pertinent part: .

> Actions upon the following claims shall be tried in the county where the claim, or some part thereof, arose:
>
> . . . .
>
> (2) Against a public officer or person specially appointed to execute his duties, for an act done by him in virtue of his office, . . . or for a failure to perform any act or duty which he is by law required to perform.

C.R.C.P. 98(b)(2). Pursuant to C.R.C.P. 98(b)(2), claims against a public officer for an official act done by him shall be tried in the county where the claim or some part thereof arose. *Board of County Comm'rs v. District Court,* 632 P.2d 1017, 1020 (Colo.1981).

In *Board of County Commissioners,* the Board of Water Commissioners of the City and County of Denver (Denver) brought an action in Denver County District Court against the Board of County Commissioners of Eagle County (Eagle County). Denver claimed that Eagle County's land use regulations invalidly interfered with the development of Denver's water rights originating in Eagle County and the construction of its diversion projects in that county. We held that Denver's claims against Eagle County arose in Eagle County by virtue of the official action in Eagle County of the Board of County Commissioners when it adopted the land use regulations. *Id.* at 1020. We concluded that the only proper venue for the action was Eagle County, where the Board of County Commissioners made its decision, despite the decision's effect on Denver County. *Id.; see also 7 Utes Corp.,* 702 P.2d 262.

Moreover, C.R.C.P. 98(b)(2) applies to claims against public officers "for an act done by [the public officer] in virtue of his office . . . or for a failure to perform any act or duty which he is by law required to perform." C.R.C.P. 98(b)(2). This language indicates that it is the official act, or failure to act, by the public officer that gives rise to the cause of action and establishes venue. In *Oklahoma Ordnance Works Authority v. District Court,* 613 P.2d 746 (Okla.1980), the Oklahoma Supreme Court held that, regardless of where damages may result, venue was proper in the county where the acts of the public officers occurred.[4] *Id.* at 750. The court stated that "it is the decisional act of the public officer . . . that gives rise to the cause of action and establishes venue of an

**2.** CTCF's regulations provide that inmates are allowed visits by attorneys, paralegals, or investigators during the business hours of 8:30 a.m. to 5:00 p.m. on Monday through Friday. In this case, Hugenberg and Sherman, as student attorneys, attempted to visit with Jones and Flys Away on a Saturday. Saturdays are reserved for visits from family and friends.

**3.** 42 U.S.C. § 1983 (1988) provides that "[a]ny person who, under color of any law, statute, ordinance, regulation, custom, or usage of any

State, shall subject, or cause to be subjected, any person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States . . . shall be liable to the party injured in any action at law."

**4.** Oklahoma's statute fixing venue for actions against public officials is similar to C.R.C.P. 98(b)(2):

> Actions for the following causes must be brought in the county where the cause, or some part thereof arose:

action against such officer." *Id.; see also Huerter v. Hassig*, 175 Kan. 781, 267 P.2d 532 (1954); *Coats v. Sampson County Memorial Hosp., Inc.*, 264 N.C. 332, 141 S.E.2d 490 (1965).

The issue before us is whether the district court erred in concluding that "some part" of the plaintiffs' claim arose in Boulder County. The plaintiffs argued that "some part" of their claim arose in Boulder County because plaintiff Hugenberg allegedly made a telephone call from Boulder to a DOC official in Cañon City to arrange the visitation with Jones and Flys Away. Based on this fact alone, the district court found that "some part" of the plaintiffs' claim arose in Boulder County. We do not agree that Hugenberg's telephone call from Boulder was sufficient for the district court to find that "some part" of the claim arose in Boulder.

Here, the basis of the plaintiffs' § 1983 claim is that the public officers in Fremont County deprived the plaintiffs of their rights by refusing to allow Hugenberg and Sherman visitation with Jones and Flys Away at the CTCF in Fremont County. This refusal by the DOC is alleged to have occurred only in Fremont County. There is no allegation in this case that the DOC officials acted, or failed to act, in Boulder County. Any visitation arrangements that Hugenberg made by telephone from Boulder County are not the basis of the plaintiffs' § 1983 claim against the DOC. It is the DOC's refusal in Fremont County to allow visitation that gives rise to the plaintiffs' claim and establishes venue in this case. We therefore hold that the claim in this case arose exclusively in Fremont County and that venue is proper only in Fremont County.

### III.

Pursuant to C.R.C.P. 98(b)(2), the proper venue in this case is Fremont County. We make the rule absolute.

. . . .
... An action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties.

Okla. Stat. tit. 12, § 133 (1971).