No. 17,265.

CALDWELL *v.* DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT.

(266 P. [2d] 771)

Decided November 23, 1953.

Mr. ANGELO F. MOSCO, Messrs. TAYLOR & TOMSIC, for plaintiffs.

Messrs. GELT & GROSSMAN, for defendants.

Mr. Justice Holland delivered the opinion of the court.

In this original proceeding in the nature of prohibition, we have elected to determine the question of venue under the circumstances presented while not required to do so under Rule 116 of our rules of civil procedure. Because we did not so order, the files of the district court of Adams county in this action are not before us; however, for our purpose, there is sufficient in the statement contained in the petition, and not controverted by the answer, to enable us to pass on the one question of venue raised in the petition, which, if sustained, eliminates any reason for considering errors claimed in the entry of other orders following the order denying the motion for change of venue.

Rule 98 (a), R.C.P. Colo. is as follows: "All actions affecting property, franchises or utilities *shall* be tried in the county in which the subject of the action, or a *substantial* part thereof, is situated." (Emphasis supplied.)

A complaint was filed in the district court of Adams county and the defendants named therein were served in Huerfano county on June 30, 1953 by Consolidated Gas & Equipment Company of America, a corporation, against Caldwell and Bard, in which, for a first cause of action, it was alleged that Caldwell was indebted to plaintiff corporation in the sum of $2,006.15. As a second cause of action it was alleged that on the 1st day of December, 1952, Caldwell sold the business which he was operating as Southern Colorado Gas Company, and sometimes as Caldwell Gas and Equipment Company, located at Walsenburg, Huerfano county, to Bard, and in such sale delivered some of the products that had been sold to him by plaintiff; that the sale was not in the ordinary course of trade and was what is known as a "bulk" sale within the meaning of amended S.L. '51, p. 218; that plaintiff corporation did not receive the five-day notice required by statute prior to the sale and de-

livery of possession of the fixtures and products; that by virtue of not thus complying with the statute, Bard should be declared a receiver and held accountable to plaintiff corporation for all of the goods, wares, merchandise and fixtures that came into his possession by virtue of the sale; prayed that he be declared a receiver; and that as such he make a complete accounting for each and all of the goods, wares, merchandise and fixtures that came into his possession by virtue of the sale; and in the event any of the merchandise had been disposed of or hypothecated that Bard be required to substitute a cash equivalent therefor.

On June 11, 1953, defendants filed separate motions for change of venue to Huerfano county with supporting affidavits, which affidavits negatived every hypothesis in favor of the county in which the action was commenced, namely, that each of the defendants is a resident of Huerfano county; that they were served with summons and complaint in that county, and have at no time been residents of Adams county; that no contract, agreement or order for the purchase of goods as set forth in the complaint was made, if any was made, or entered into, or to be performed in Adams county; that no goods were sold to defendants, or either of them, in Adams county; that any contract made by defendant Bard with defendant Caldwell was made and was to be performed in Huerfano county; and that any goods, wares, merchandise and fixtures sold and delivered to Bard by Caldwell were sold in Huerfano county.

The motions for change of venue were argued and overruled by the district court of Adams county on August 13, 1953. Following this ruling, other moves were made by plaintiff to compel defendants to come to Brighton or Denver, a distance of 210 miles, for the purpose of giving their depositions, and such motions were sustained by the trial court. The circumstances surrounding the orders and the notices, and orders that followed, will not be here detailed, it being sufficient to

say that the record discloses an abuse of discretion in such matters on the part of the trial court, when the convenience of witnesses and the ends of justice would have been promoted by a change of venue. We confine ourselves to the error assigned on the denial of the motion for change of venue.

■ It undoubtedly was abundantly clear from the face of the pleading that the substance of this action was that of an action affecting not only a substantial part of the property which finally became the subject of the action, but all of the property, and that that property was located in Huerfano county; therefore it was mandatory upon the trial court to grant the motion for the change of venue as provided in the rule hereinbefore set out.

■ It is contended by respondents that this is an action on book account and that such actions may be tried in the county where the plaintiff resides or in the county where the goods were sold. With this contention we cannot agree; bringing an action and trying it are two different matters. If respondent intended its complaint.:to be in such form, it defeated its own intentions by its second cause of action wherein it asserted a right to have a receiver appointed and the goods accounted for, all of which were in another county. This action was precipitated by a claimed violation of the "bulk" sales law, supra; it was not founded on the claim of a past-due account; and for aught we know, would not have been filed had the transfer between Caldwell and Bard not occurred. However, this discloses that the action was not brought primarily to recover on just a book account, but to take charge of the wares and merchandise involved, or have the equivalent. As was said by our court in *Jameson v. District Court*, 115 Colo. 298, 172 P. (2d) 449, "The substance, not the form, of the action must control."

This case, so far as place of trial is concerned, falls squarely within the rule quoted, supra; it was error for

the trial court to deny the motion for change of venue; consequently, the rule to show cause is made absolute with directions to the trial court to enter an order sustaining the motion for change of venue and vacate all orders made subsequent to the order overruling such motion.