No. 15,708.

CRAFT *v.* STUMPF.
(170 P. [2d] 779)

Decided June 17, 1946.

Mr. SAMUEL W. JOHNSON, Mr. PAUL A. JOHNSON, for plaintiff in error.

Messrs. RINN & CONNELL, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

DEFENDANT in error, Stumpf, plaintiff below, brought this action in the district court of Boulder county, where he resided, to recover the reasonable value of the furniture, fixtures and equipment of a restaurant and liquor sales business sold to defendant and located in Jefferson county. Craft, the defendant below, seeks review of the judgment against him.

Error is first assigned to denial by the trial court of defendant's motion for change of place of trial to Jefferson county upon the ground that the defendant resided and had his place of business in Jefferson county and was there served with process and "That the goods which are the subject matter of this action are located in Jefferson County, Colorado, and the contract entered into by plaintiff and the defendant is to be performed in Jefferson County, Colorado."

It is urged that this is an action "affecting property" which under rule 98 (a) should be tried in the county where located. That section, which combines former code sections 25 and 26, has to do with actions affecting specific property and does not control in an action in which there is no issue as to title, lien, injury, quality or possession, but which is concerned only with recovery of the purchase price. It has no application here.

It is next urged that the action is upon a contract which was to be performed in Jefferson county. No part of the contract was in writing and by their affidavits submitted in support of the motion, plaintiff asserted that performance and payment were to be made in Boulder county and defendant that they were to be made in Jefferson county. Moreover, plaintiff urges

that this is an action for goods sold and delivered and hence may be tried in the county where plaintiff resided regardless of the county in which the contract was to be performed. Defendant, on the contrary, insists that this is not an action for goods sold "in the commercial market" and further, that in addition to goods, the sale included a leasehold interest.

██ ██ While apparently possession of leased property where the chattels were located was included in the agreement, nothing was to be paid for the leasehold. Defendant's motion for change of venue refers to "the goods which are the subject matter of this action" and the sole issue submitted to the jury was the value of the furniture and equipment. The action was for the value of the chattels. We find no case wherein the word "goods," as used in the present rule 98 (c) and its antecedent statute, has been defined. There is nothing in the context to suggest that its meaning should be restricted to merchandise sold in course of trade and we believe it should be given the broad meaning ordinarily ascribed to it and be held to include furniture and equipment as here involved. *Saint Joseph Hydraulic Co. v. Wilson,* 133 Ind. 465, 33 N.E. 113. "The word [goods] has a very extensive meaning, and is of large signification, * * *. It has been defined as meaning, or including, chattels, commodities, merchandise, wares, or a valuable possession or piece of property." 38 C.J.S. pp. 939, 940. The motion for change of venue was properly denied.

██ Plaintiff in error further urges an alleged fatal variance between plaintiff's complaint, which pleaded sale for a reasonable value, and his proof of sale at an agreed price, and urges error in the submission to the jury of the issue of reasonable value on such proof. Both parties submitted testimony as to reasonable value without objection. The court instructed the jury that "The only issue in this case is the question of how much the defendant should pay for that furniture and equip-

184

ment. And the parties have agreed that that amount should be determined by the market value of that equipment in its then location and condition and ownership as of the day February 26, 1945." Having so stipulated and having submitted the case to the jury on that issue without objection, defendant is bound thereby. Moreover, the verdict of the jury was for the amount testified to as the agreed price, plus interest in accordance with the court's instruction. The evidence supports the verdict and, since this evidence was received without objection, the issue must be considered as if it had been raised in the pleadings. Rule 15 (b); *Toy v. Rogers,* 114 Colo. 432, 165 P. (2d) 1017.

Finally, error is urged in that other elements of value, including license privileges, leasehold interest and good will, were omitted in submitting the question of value to the jury. No objection was made to the instruction on value as given by the trial court and no evidence was tendered concerning those additional elements of value now urged, and in any event such omission was to the advantage of defendant, so he cannot now claim error therein.

The judgment is affirmed.

MR. JUSTICE HILLIARD did not participate.