No. 15,780.

Jameson *v.* District Court of the City and County of Denver et al.

(172 P. [2d] 449)

Decided August 26, 1946.

Mr. J. Fred Schneider, for petitioner.

Messrs. Ireland & Ireland, Mr. St. George Gordon, for respondent Mueller.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

This matter comes here on application and order to show cause as to jurisdiction.

The one question involved is the propriety of the ruling of the trial court denying defendant's motion for change of venue from the City and County of Denver to Grand county, in an action now pending.

In his complaint in that action plaintiff sets out an agreement whereunder his predecessors in title agreed to sell to defendant certain timber located on premises in Grand county, Colorado, therein described. In consideration of such sale defendant agreed to observe certain provisions as to the manner of cutting and removing the timber and clearing up trimmings and other debris, and certain restrictions and requirements as to location of working places and use of roads on the land, and defendant covenanted therein that any failure to perform or observe any of these provisions and restrictions should work a forfeiture of the contract at the option of the parties of the first part therein. After setting out the contract plaintiff alleges that the defendant has breached the agreement by failure to cut, fell, trim and remove the timber in accordance with the provisions of the contract and prays that the contract be terminated and rescinded and defendant enjoined from proceeding with his timber operations thereunder and for damages.

Under Rule 116 of our civil procedure, we are not required to consider the question of venue upon such application, but, in view of the importance of determining the question raised and of preventing the delay and expense of re-trial in case the court where the cause is pending be found without jurisdiction, we elect to determine the question now. While in form this is an action to rescind a contract, in substance it is an action to determine title to timber located on land in

Grand county. *Campbell v. Securities Co.,* 12 Colo. App. 544, 56 Pac. 88, was an action to cancel a deed of release of a deed of trust securing a debt and for appointment of a new trustee, and it was held that the action was one to determine an interest in the mortgaged real estate and that the action must be tried in the county where land was situated. *Allen v. City of Sterling,* 76 Colo. 122, 230 Pac. 113, was an action ultimately involving the question of indebtedness of plaintiffs to the city of Sterling but seeking the cancellation of a mortgage upon property in Denver given by plaintiffs to indemnify a surety against liability of such indebtedness, and we held that inasmuch as interest in real estate was involved, the action as to the mortgage must be tried in the county in which it was situated. The California courts have held actions for reformation and for specific performance and for setting aside contracts for the sale of real estate all to require the determination of a right or interest in real estate and so require trial in the county where the real estate is located. *Stanley v. Barney,* 123 Cal. App. 139, 10 P. (2d) 1022. Our present Rule 98 (a) provides that all actions affecting property shall be tried in the county in which the subject of the action or a substantial part thereof is situated. To "affect" is as broad a term as "to determine a right or interest in." This rule is not restricted to real property so we need not consider whether or not the timber here involved had become chattel property. The action here concerned was brought primarily, not to interpret a contract nor to control the conduct of defendant, but to declare rescinded a sale and conveyance of timber and so directly to affect the property involved. The subject of the action, ultimately, is not the contract, but the timber. "In most states actions to establish ownership or to recover personal property are to be brought in the county where the property is located at the time the action is brought." 67 C.J., p. 72, §118. The dictum in *Kirby v. Union Pac. Co.,* 51 Colo. 509, 119 Pac. 1042,

that the similar rule there discussed had reference only to actions in rem, states the usual but not the exclusive test. The substance, not the form, of the action must control. Such being the case, proper application for change of venue having been made, trial in Grand county is mandatory and defendant's motion for change to that county should have been granted.

Accordingly, the trial court is directed to grant the motion for change of venue.

MR. JUSTICE HILLIARD did not participate.