No. 16,317.

GORDON INVESTMENT COMPANY ET AL.
*v.* JONES.
(227 P. [2d] 336)

Decided January 29, 1951.

254

Mr. David Rosner, Messrs. Austin & Konkel, for plaintiffs in error.

Mr. Raymond M. Sandhouse, Mr. Charles H. Sandhouse, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

Plaintiffs in error will hereinafter be referred to by name, and defendant in error, plaintiff below, will be referred to as plaintiff.

Plaintiff was the owner of real estate in the city of Sterling, Colorado, having acquired title to the same subsequent to the execution of a lease entered into between her grantor and defendant, The Gordon Investment Company. Upon purchase of the real estate, all the rights of the original lessor were assigned to plaintiff. The said lease was dated December 4, 1944; was for an original term of five years, and contained an option to renew for an additional five years. The action was commenced January 9, 1949, and during the pendency thereof The Gordon Burton Investment Company, to whom the lease had been assigned by the original lessee, gave notice that it exercised the option to renew the lease for the additional period of time.

Plaintiff sought to terminate the lease upon the ground that The Gordon Investment Company had sublet the premises without written consent of the lessor, in violation of the provisions of the lease. The said instrument contained a provision that the tenant would not "underlet said premises, or any part thereof, or assign this lease," without the written consent of the lessor, and the lease further provided that the lessor could elect to "declare said term ended" upon breach of any covenant contained in the lease. Plaintiff alleged that she elected to terminate the tenancy as soon as she learned of the alleged subletting of the property by the original lessee.

The Gordon Investment Company filed its motion to dismiss, and motion for change of venue, both of which were overruled. Thereafter, answer and cross complaint were filed by said defendants the material allegations of which are, that The Gordon Investment Company, on February 1, 1946, had assigned the lease to the Gordon

Burton Investment Company, a corporation; that said assignee paid the rent upon said premises at all times subsequent to the date of said assignment to the assignor of the plaintiff, which rent was accepted without objection of any kind; and that the prohibition against subletting the premises, which was included in the printed part of the lease, was "superseded" by a typewritten paragraph which included the following: "Lessee is hereby given the right to assign this lease for the continuation of the same kind of business for which the premises are leased to lessee, but no assignment of this lease shall relieve or release the lessee or any assignee from any of the obligations or responsibilities of this lease." Said defendant further alleged that, "one Garfield is occupying the premises as a general mercantile business through an arrangement with the Gordon Burton Investment Company."

The Gordon Investment Company asked judgment for $2,500.00 damages alleged to have been sustained because plaintiff "has deliberately tried to obtain possession of said premises unlawfully and has harassed these defendants." There was attached to the answer and cross complaint a copy of the lease, together with cancelled checks covering rental payments made by the Gordon Burton Investment Company.

Upon application of plaintiff, Howard Garfield was made a third party defendant. He filed an answer to the third party complaint, which complaint and answer placed in issue the rights of the parties to immediate possession of the real estate in question. Defendants filed their motion for summary judgment, which motion was overruled.

The trial court found: "That there has been a violation and breach of the lease in subleasing, and it is accordingly adjudged and decreed that the rights of the defendants in this action terminated by reason of their failure to observe the clauses and provisions in the lease under which they held."

The controlling facts established on the trial are that there was a provision in the original lease for a rental of $150.00 per month. The original lessee, a partnership, assigned the lease to the Gordon Burton Investment Company, a corporation, on February 1, 1946. Without notice to plaintiff or her assignor, the Gordon Burton Investment Company executed the following instrument on November 23, 1948: "The Gordon Burton Investment Company, a Corporation as Assignee to a lease on the two first-floor store-rooms of the Cole Hotel Building in Sterling, Colorado, will execute a sub-lease to Howard S. Garfield of Sterling, Colorado, with all the provisions and privileges granted in a lease dated December 4, 1944, between Hazel Strauss and Gordon Investment Company, a co-partnership. The monthly rental shall be $200.00 payable in advance, starting December 1, 1948."

Howard S. Garfield took possession on or about December 1, 1948, and thereafter paid $200.00 per month rent to the Gordon Burton Investment Company. The latter company at all times paid, or offered to pay, the $150.00 per month rental under the terms of the original lease. After taking possession, Garfield sublet a portion of the premises to a Mr. Channer who operated a music store. This arrangement continued for two weeks and Channer paid a stipulated rental to Garfield.

On April 13, 1949, an instrument entitled "Sub-Lease" was executed by Howard Garfield, under which one Joe Fee became the tenant of a portion of the premises at a rental of $150.00 per month payable to the said Garfield. This instrument was admitted in evidence without objection and the parties stipulated during the trial that at the time of the bringing of the suit the premises were in the possession of Howard Garfield, and that upon the date of the trial, "a portion of said premises is in the possession of one Joe Fee."

Defendants seek reversal upon three grounds, to wit: (1) Defendants' motion to dismiss should have been granted. (2) The court erred in denying defendants' mo-

tion for change of venue. (3) The court erred in holding that a breach of any covenants in the lease had been established by plaintiff, resulting in a right in the plaintiff to terminate the tenancy.

### Questions to be Determined.

First: *Did the trial court err in overruling defendants' motion to dismiss?*

■■ The answer is "no." In the motion to dismiss, defendants allege matters of fact not appearing in the complaint, and, on the assumption that these extraneous facts are properly established by recitation thereof in the motion, it asks a dismissal of the action. A motion to dismiss is not the proper pleading for use in creating issues of fact. The only facts proper for the consideration of the court on the hearing of such a motion are those alleged in the complaint, and a defendant cannot add to or detract from these facts by a motion to dismiss.

■ In the present case, the motion to dismiss contains the following statement: "That the said complaint is not in accordance to the 1935 Colorado Statutes Annotated, and was filed in violation thereof, and contrary to the said statutes in such case made and provided." This statement is wholly insufficient to inform the court concerning the nature of the ground upon which the dismissal was sought. Rule 7 C(1), R.C.P. Colo., provides that motions "shall be made in writing, shall state with particularity the grounds therefor, * * *." It cannot successfully be argued that the broad objection that a complaint is "not in accordance to the 1935 Colorado Statutes Annotated," is a compliance with this rule.

Second: *Did the trial court err in overruling the motion for a change of venue?*

The answer is "no." The motion for change of venue was grounded upon the fact that service was not made upon any of the individual partners in the county where the suit was instituted; that no partner resided in that county; that the office of the partnership was maintained

outside said county; that all rentals due under the lease were paid, in Denver; and "that the intention of the parties was that all payments were to be made in Denver."

■ Venue of the action is controlled by Rule 98 (a), Rules of Civil Procedure, which provides that, "All actions affecting property * * * shall be tried in the county in which the subject of the action, or a substantial part thereof, is situated." An action which is brought to recover possession of real estate, upon the ground that covenants of a lease thereon have been violated, is an action "affecting" real estate and is properly brought in the county in which the said real estate is located. *Jameson v. District Court,* 115 Colo. 298, 172 P. (2d) 449.

Third: *Where a lease contains an express provision, which is typed in a printed form, that the lessee may assign the same, does such typewritten provision destroy the effect of a printed portion of the lease which provides that the lessee shall not "underlet said premises, or any part thereof, or assign this lease without the written assent" of the lessor?*

■ It is settled law in this jurisdiction that if inconsistency exists between printed provisions of an instrument and those that have been written or typed in a printed form, the written or typed part of the document must prevail over the inconsistent printed matter. *Bechmann v. Taylor,* 80 Colo. 68, 249 Pac. 262. Thus it follows that the printed prohibition against assignment of the lease is without effect, and void, and the typed permission to "assign" is the effective and binding portion of the lease with relation to that particular subject.

■ ■ In effect, it is argued that the words "assign" and "underlet" as used in the lease are synonymous terms, and since permission to assign was granted the lessee by the typewritten interlineation in the printed form, it carried with it the right to "underlet." With this contention we cannot agree. We said in *Hill v. Stanolind*

*Oil & Gas Co.,* 119 Colo. 477, 205 P. (2d) 643, that in construing a lease it should be "construed in favor of the lessor and against the lessee." A provision requiring written consent of the landlord to an underletting of leased premises is for the protection and benefit of the lessor. *Routt County Mining Co. v. Stutheit,* 101 Colo. 254, 72 P. (2d) 692; *Robeson v. Bennett,* 98 Colo. 272, 56 P. (2d) 34. Moreover, there is a clear distinction between the legal meaning of the words "assign" and "underlet," as applied to the relation of landlord and tenant. 51 C.J.S. 553, §37. The general rule, which we think is applicable to the instant case, is stated in *Roberson v. Pioneer Gas Co.,* 173 La. 314, 137 So. 46, 82 A.L.R. 1264, as follows: "The distinction between an *assignment of a lease* and a *sublease* is that, in an assignment, the assignor transfers his entire interest in the lease in so far as it affects the property on which the lease is assigned; whereas, in a sublease, the original lessee, or sublessor, retains an interest in the lease in so far as it affects the property subleased—by imposing some obligation upon the sublessee in favor of the sublessor, such as an obligation to pay additional rent to the sublessor."

It follows, therefore, that the typewritten permission to assign the lease does not authorize an "underletting" of the lease, and, as provided by the printed provision, a valid "underletting" could only be made with the written consent of the lessor.

Fourth: *Does the evidence support the finding of the trial court that the leased premises had been "underlet" without the written consent of the lessor?*

■ The question is answered in the affirmative. The plaintiff does not contend that the assignment by The Gordon Investment Company to the Gordon Burton Investment Company, a corporation, violated the lease. She asserts, however, that the conduct of the corporation in dealing with the property amounts to "subletting" of the leased premises.

In the instrument executed by the corporation under which Garfield took possession, it is stated that the company would execute a "sub-lease" to him for a rental in excess of that for which provision was made in the original lease. The original lease seems to have been retained in the possession of the company which received the $200.00 per month rent from Garfield and paid $150.00 to the plaintiff owner of the property.

There is ample evidence that Garfield rented a portion of the premises for a two-week term to one Channer. It is undisputed that while the action was pending, Garfield executed a "sublease" to Fee for a portion of the property for a term different than that for which provision was made in the original lease, and for a rental of $150.00 per month for the portion of the property sublet to him. This "sub-lease" to Fee was admitted in evidence without objection, and by consent of the parties the propriety of the Fee transaction was submitted to the court as an issue in the case. No consent by the original lessor, or by the plaintiff, to any of these transactions was shown.

We conclude that the arrangement under which Garfield and Channer took possession of the premises (or a portion thereof), amounted to an underletting of the property and that the "sub-lease" to Fee was an underletting of the premises which the parties by consent made an issue in the case. The trial court's findings are amply supported by the evidence.

The judgment is affirmed.