No. 18,016.

VIRGINIA W. HILL, ET AL. *v.* DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT, ETC., ET AL.

(304 P. [2d] 888)

Decided December 10, 1956. Rehearing denied January 7, 1957.

Mr. William D. Johnson, Mr. M. O. Shivers, Jr., Mr. Joseph W. Esch, Mr. Omer L. Griffin, Messrs. Quaintance, Johnson & Bradley, Mr. Leslie A. Gifford, Mr. Howard K. Phillips, Mr. Allen Dines, for complainants.

Mr. David J. Miller, Mr. Melvin Dinner, Mr. Robert G. Smith, Mr. Robert M. Gilbert, for respondents.

Messrs. Gorsuch, Kirgis, Campbell, Walker & Grover, Mr. John M. Sayre, amici curiae.

*En Banc.*

Mr. Justice Sparks delivered the opinion of the Court.

This is an original proceeding in this court in the nature of a writ of prohibition by which the complainants urge that the district court of Weld county acted without jurisdiction in proceeding to determine the respective merits of petitions and counter-petitions relating to the formation of a proposed "Blue River-South Platte Water Conservancy District," hereinafter referred to as the District. The respondents were, with the exception of the district court of Weld county, petitioners below for the formation of the District, and will herein be referred to as petitioners. The complainants objected to the organization of the District in the trial court and will herein be designated as objectors.

Pursuant to the pertinent provisions of C.R.S. '53, 149-6, designated as the Water Conservancy Act, petitioners filed a petition in the district court of Weld county on January 30, 1956, for the organization of a water conservancy district, the proposed boundaries of which included portions of Adams, Arapahoe, Boulder, Douglas, Jefferson, Morgan and Weld counties. C.R.S. '53, 149-6-6, reads as follows:

"Immediately after the filing of such petition, the court wherein such petition is filed or a judge thereof in vacation, by order shall fix a place and time, *not less than sixty days nor more than ninety days after the petition is filed,* for hearing thereon, and thereupon the clerk of said court shall cause notice by publication to be made of the pendency of the petition and of the time and place of hearing thereon * * *." (Emphasis supplied.)

The district court pursuant to this statute set the hearing on the petition for April 27, 1956, and proper notice was duly given. By March 27, 1956, petitions and counter-petitions were on file containing an aggregate of some ten thousand signatures. It was then readily apparent that the trial court was faced with a staggering burden of passing upon the statutory validity of these petitions under the exacting but thoroughly confusing provisions of C.R.S. '53, 149-6-7.

On April 9, 1956, petitioners filed a motion asking that the court determine a method of checking the respective petitions. All counsel of record were thereupon directed to appear before the court on April 17, 1956. At the conclusion of this hearing an order was entered, the germane portion being as follows:

"1. That the setting for the hearing on the original petition set for April 27, 1956 at 10:00 a.m. is hereby vacated; and that Term Day, May 1, 1956, the court will reset the day for hearing on the protesting petitions and the original petition."

On the term day of May 1, 1956, the hearing on the

original petition was set for June 19, 1956. Since this latter date exceeds the ninety-day period prescribed by statute, the objectors contend that the trial court lost jurisdiction of the entire matter. Objectors' motions to dismiss on this contention were denied by the trial judge. The primary issue before us, therefore, is the legislative intent to be gathered from the plain requirement that the hearing in the instant case be set "not less than sixty days nor more than ninety days after the petition is filed."

▮ The Water Conservancy Act is but one of many wisely designed by the legislature to preserve water as our most precious natural resource. We are accordingly obligated to proceed with great caution in seizing upon any isolated portion of such legislation to defeat its overall purpose. In the Act before us there is a clear mandate that the courts act with all convenient speed to determine a matter of great public importance. We conclude, however, that this speed is for the benefit of the petitioners of a proposed district. As long as the matter is inactive the objectors have lost nothing.

▮ It is equally clear that not every proposed water district is worthy of public sanction. It may well be that the proposed district here under consideration falls in this category. The legislature has accordingly provided that certain objections may be filed *up to and including the date set for hearing.* C.R.S. '53, 149-6-7. This being the case, the matter could not fully stand at issue until the date of the hearing itself.

That a hearing should commence in a trial court in the same instant that a matter stands at issue is a situation which we cannot believe was ever contemplated nor directed by the legislature. If such be the case, then centuries of jurisprudence history from which have evolved modern trial practices, i.e. pre-trial conference, discovery, and disposition, have gone for naught. The record before us shows that the trial court actually was in session on April 27, 1956, for the purpose of receiving

any objections which might be filed pursuant to the original order setting that date for a hearing, and certain objections were on that date received. Any and all objectors, therefore, had full opportunity to present their protests within the full meaning of the law. If in fact any objectors, of which we have no knowledge, were misled by the unfortunate use of the words "hereby vacated" in the order of April 17, 1946, then we have no hesitation in stating that upon a proper showing of such it would have been within the sound discretion of the trial court to have extended the time for filing objections.

The objectors call our attention to the case of *People ex rel. Dunbar v. San Luis Water Conservancy District,* 128 Colo. 193, 261 P. (2d) 704, in which this court stated at page 203:

"As we construe this language in *People v. Lee, supra,* upon the filing of any petition otherwise complying with the provisions of paragraph 1 hereof, it is the court's duty immediately to enter the order of publication provided in paragraph 5, supra, and the sufficiency of the petition giving the court jurisdiction is to be determined on the record at the time of the hearing fixed in the order of publication and not otherwise. * * * "

We point out that the case referred to involved petitions for inclusion in a water conservancy district already organized. We held then, and do now, as the statute clearly specifies, that petitions for inclusion or petitions for the organization of a water conservancy district may be duplicated and supplemented up to the time set for hearing. Such is not the case before us now. Petitioners are not asking for anything but an adjudication of the petitions on file at the time for which the hearing was originally set. The objectors have had full opportunity to protest and have so done. If the rights of the objectors have been in any way prejudiced, then the record before us fails to disclose that fact.

Jurisdiction may be generally defined as the authority

to decide a case presented to the court. It is this fact and not the decision rendered therein which constitutes jurisdiction. See 21 C.J.S., Courts, Sec. 26, page 38. The applicable statute in the instant case, to wit, C.R.S. '53, 149-6-6, states as follows:

"The district court in and for the county in which the petition for the organization of a water conservancy district has been filed, shall thereafter for all purposes of this article, except as hereinafter otherwise provided, *maintain and have original and exclusive jurisdiction * * *.*" (Emphasis supplied.)

There remains no necessity for this court to elaborate on the plain unequivocal words of the statute.

■ In accordance with the views expressed herein we hold that the wording of C.R.S. '53, 149-6-6, requiring the setting of a hearing "not less than sixty days nor more than ninety days after the petition is filed" is a date which puts the respective petitions and pleadings at issue, the final determination of which lies in the sound discretion of the trial court in accordance with the evidence introduced.

■ The objectors further urge that certain pre-trial rulings pertaining to the merits of the petition be overruled. By such argument we believe that the objectors have failed to perceive the nature of the extraordinary remedy which they now seek. At common law the proper function of a writ of prohibition was to prevent courts, officers or persons from exercising a jurisdiction not vested in them by law. 73 C.J.S., Prohibition, section 2, page 10. We see no reason to enlarge upon this definition. If we did so, then such a writ could be made into a dragnet by which litigants could constantly project this forum into the arena of the trial court.

We must observe at this point that no final decision has been rendered in the trial court and that mere apprehensions of suitors do not constitute grounds for review here. We cannot be moved by the objectors' plea that only the attorney general of this state can contest

the validity of the proposed district, if it is in fact created. We are not unmindful of the fact that the questions presented to us, although premature, are of great gravity and deserve the greatest consideration. Accordingly we are confident that both the trial court and the attorney general will be impressed with the necessity of a penetrating inquiry into the ramifications of the water conservancy act here involved.

The rule is accordingly discharged.

MR. JUSTICE KNAUSS not participating.