## No. 26737

**The Colorado National Bank of Denver, Co-Executor of the Estate of Henry P. Williams, Jr., and Kathryn E. Williams, Co-Executrix of the Estate of Henry P. Williams, Jr. v. The District Court of the Second Judicial District, City and County of Denver, State of Colorado, The Honorable Robert E. McLean, Judge, and Jill C. Williams**

(542 P.2d 853)

Decided November 24, 1975.

Dawson, Nagel, Sherman & Howard, William F. Schoeberlein, Frederick Y. Yu, for petitioners.

Alperstein, Plaut and Barnes, P.C., Susan G. Barnes, Evan S. Lipstein, for respondents.

*En Banc.*

MR.JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding under C.A.R. 21. We issued our rule to show cause why the respondent district court should not be required to change the venue of civil action No. C-48606, entitled Jill C. Williams v. The Colorado National Bank of Denver, Co-Executor of the Estate of Henry P. Williams, Jr., and Kathryn E. Williams, Co-Executrix of the Estate of Henry P. Williams, Jr., to the district court of Garfield County. The matter is now at issue and, having considered the merits, we find that venue of the action should have been transferred to the Garfield County district court. We therefore make the rule absolute.

Petitioners here were defendants in the above designated civil action in the Denver district court. Plaintiff in that action, the respondent here, is the daughter of Henry P. Williams, Jr., who died on March 27, 1968. His estate is being probated in the district court of Garfield County and petitioners are co-executors of that estate.

By her complaint in the Denver district court, respondent made the following general allegations in support of her six claims for relief. She alleged that during her father's lifetime he conveyed to her certain real estate and improvements located in Garfield County, known as the VIX Ranch, together with cattle, horses and various Forest Service and Bureau of Land Management grazing permits. The complaint alleged that on September 18, 1968, respondent, at the instance of petitioners, executed a "Memorandum of Understanding" the substance of which was to the effect that the transfer of the ranch from decedent to respondent was not intended as a gift to her, but was a sale to her; that respondent owed the estate of Henry P. Williams, Jr. the sum of $276,000 as a result of the purchase; that she could not afford to pay the purchase price or to supervise, maintain and operate the ranch properties; and that for her own good she should sign the Memorandum of Understanding. The memorandum required that petitioners be allowed to manage the ranch and it granted to them an option to purchase it at an agreed price. Petitioners gave notice of their intent to exercise the option to purchase, and demanded of respondent that she convey the ranch to decedent's estate.

Further allegations of the complaint asserted that the memorandum required that respondent execute in favor of the estate a series of promissory notes totaling $327,555, representing the capital investment in the ranch properties, together with numerous other documents, including deeds of trust, contracts, leases, bills of sale, and the like, the contents of which were unknown to her. Further, she asserted that at the time of the execution of the memorandum there were certain trusts of which she was the beneficiary, the terms of which were unknown to her, but which were known by petitioners and were not disclosed to respondent.

Based upon the foregoing allegations, respondent asserted her several claims for relief in the nature of misrepresentation, fraud and deceit, breach of confidential relationship, undue influence, and for declaratory judgment. She prayed for damages, cancellation and rescission of the Memorandum of Understanding, the contracts, notes and other documents executed by her, for return of property transferred pursuant to the memorandum to petitioners by respondent, for an accounting of the profits from the ranch operation, for a declaration of invalidity of the memorandum, the notes, and various other documents, and for injunctive relief.

■ Petitioners filed their motion for a change of venue to the district court of Garfield County where the ranch is located and the estate is being probated. The primary basis relied upon for the requested change of venue was C.R.C.P. 98(a), which provides:

"All actions affecting real property, franchises, or utilities shall be tried in the county in which the subject of the action, or a substantial part thereof, is situated."

After hearing, respondent district court denied the motion. The order of the district court does not set forth its reasons for denying the motion.

Petitioners asserted other grounds for their requested change of venue. In view of our disposition of the issue under Rule 98(a), however, it is not necessary that we discuss the other grounds relied upon by petitioners.

■ The motion for change of venue should have been granted under C.R.C.P. 98(a), for the reason that the action directly affects the ownership of the VIX Ranch, which was conveyed to respondent by her father during his lifetime. Determinative of this issue is the validity of the Memorandum of Understanding which granted to petitioners the option to purchase the ranch, which petitioners elected to excercise and pursuant to which demand for conveyance was made upon respondent.

■ In *Jameson v. District Court,* 115 Colo. 298, 172 P.2d 449, Mr. Justice Stone, in discussing the words of the rule "affecting [real] property," stated:

"* * * To 'affect' is as broad a term as 'to determine a right or interest in.'
* * *"

In that case, which concerned the sale and conveyance of timber, the court held that, although the complaint prayed for rescission of the contract of sale, the action was in substance to determine the title to timber and that

the substance of the action, not the form, controls in determining the question of venue under Rule 98(a).

Here, too, although the complaint prays for a variety of relief, both legal and equitable, the substance of the action directly affects the ownership of the ranch. It seeks to have declared the respective rights and interests of the petitioners and respondent in the VIX Ranch.

In our view, *Jameson v. District Court, supra,* is dispositive of the venue issue here. *See also Gordon Co. v. Jones,* 123 Colo. 253, 227 P.2d 336; *Craft v. Stumpf,* 115 Colo. 181, 170 P.2d 779; *Allen v. Sterling,* 76 Colo. 122, 230 P. 113. 4*V. Dittman, Colorado Practice* § 98.2. Rule 98(a) mandates, therefore, that the action be tried in Garfield County where the ranch is located.

Respondent has argued that venue in this case is controlled by the National Banking Act, 12 U.S.C. 94, which provides:

"Actions and proceedings against any association under this chapter [National Banks] may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

Respondent contends that since petitioner, The Colorado National Bank of Denver, is located in Denver, the suit in a state court against the bank can only be brought in the Denver district court. This argument would be valid if the petitioner bank, for whose convenience the statute was enacted, had chosen to invoke its provisions. As we understand the decisions interpreting the proper application of the statute, Congress intended that a national bank could not be sued *against its will* in any court other than those specified by the statute. *Mercantile Nat. Bank v. Langdeau,* 371 U.S. 555, 83 S. Ct. 520, 9 L.Ed.2d 523; *Reaves v. Bank of America,* 352 F. Supp. 745 (S. D. Cal. 1973); *Swiss Israel Trade Bank v. Mobley,* 319 F. Supp. 374 (S. D. Ga. (1970). The statute affords a privilege which may be claimed or waived, as the bank may choose. *Mercantile Nat. Bank v. Langdeau, supra; Charlotte National Bank v. Morgan,* 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282; *Northside Iron & Metal Co., Inc. v. Dobson & Johnson, Inc.,* 480 F.2d 798 (5th Cir. 1973).

Here, petitioner has chosen not to claim, but to waive, the privilege afforded by the statute, by joining in the motion for change of venue. Under these circumstances, the action may be heard in a state court other than that of the district in which the bank is located.

We consider respondent's other arguments in opposition to the granting of the change of venue to be without merit.

Rule made absolute.