7 UTES CORPORATION, a Colorado corporation, Petitioner,

v.

The DISTRICT COURT IN AND FOR the EIGHTH JUDICIAL DISTRICT (JACKSON COUNTY, Colorado); Hon. John A. Price, one of the Judges thereof; and State Board of Land Commissioners; Rowena Rogers, William H. Claire, and Tommy Neal, as members of and constituting the State Board of Land Commissioners; Anthony Sabatini; Larned A. Waterman; 7 Utes Resort Ltd., a Colorado corporation; Melvin A. Wolf; Harry Wolf; State Board of Agriculture; the Board of County Commissioners of the County of Jackson, Colorado, Respondents.

No. 84SA333.

Supreme Court of Colorado, En Banc.

July 1, 1985.

Knight and Lesher, P.C., Donald M. Lesher, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Blizzard, Asst. Atty. Gen., Denver, for respondents.

DUBOFSKY, Justice.

In this original proceeding, we issued a rule to show cause why the Jackson County District Court should not vacate its order granting a change of venue to Denver and deny the motion of the State Board of Land Commissioners (board) for a change of venue. We now discharge the rule.

The board issued a special use permit to petitioner 7 Utes Corporation (7 Utes) for the period from December 1980 through November 1985. The permit allowed 7 Utes to use state-owned land in a forest recreation district in Jackson County to develop "recreational mountaineering activi-

ties." The permit further granted 7 Utes the right to negotiate a lease for the permit area after two years if 7 Utes "complied with the terms and conditions [of the permit] to the satisfaction of the board."

In May 1984, 7 Utes filed a complaint in the Jackson County District Court requesting declaratory and injunctive relief and damages against the board for its refusal to negotiate a lease under the terms of the permit.[1] 7 Utes joined several other parties as defendants in the suit, maintaining that their interests would be affected by a declaratory order of the court construing the terms of the special use permit. The parties included the Board of County Commissioners of Jackson County, the State Board of Agriculture, and the principals in another development corporation that held leases for neighboring state land.[2] The board moved for a change of venue under C.R.C.P. 98(b)(2), which provides that actions against public officers shall be tried in the county in which the claim arose.[3] None of the other defendants joined in the motion for change of venue.[4] The district court held a hearing and granted the motion on June 29, 1984, but stayed transfer

of the case to Denver so that 7 Utes could petition for a writ of prohibition.[5]

7 Utes maintains that the district court order violates C.R.C.P. 98(j), which provides that a motion to change venue must be consented to by all the defendants; C.R.C.P. 98(a), which provides that an action affecting land must be tried in the county in which the land is situated; and the plaintiff's right to a choice of venue when venue is appropriate in several counties because three public entities residing in three different counties were named defendants. If the limitation of C.R.C.P. 98(j) applies to the instant change of venue, then the district court should not have considered the merits of the motion to change venue. We therefore address first the question of whether all defendants must join in a motion for a change of venue under C.R.C.P. 98(b)(2).

## I.

▮▮ C.R.C.P. 98(j) provides:

Where there are two or more plaintiffs or defendants, the place of trial shall not be changed unless the motion is made by

---

1. Among the defendants, 7 Utes named the State Board of Land Commissioners; Rowena Rogers, William H. Claire and Tommy Neal as members of the board; Anthony Sabatini as the board's administrator; and Larned A. Waterman as the board's Land Resource Specialist. We refer to these parties collectively as "the board."

2. The other development corporation is 7 Utes Resort Ltd., and the principals are Melvin L. Wolf and Harry Wolf as officers, directors and stockholders of 7 Utes Resort Ltd.

3. C.R.C.P. 98(b) provides:
   Actions upon the following claims shall be tried in the county where the claim, or some part thereof, arose:

   .    .    .    .    .

   (2) Against a public officer or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who by his command, or in his aid, does anything touching the duties of such officer, or for a failure to perform any act or duty which he is by law required to perform.
   A claim against a public officer arises in the county of his official residence. Board of County Commissioners v. District Court, 632 P.2d

1017 (Colo.1981); Board of Water Commissioners v. Board of County Commissioners, 187 Colo. 113, 528 P.2d 1305 (1974).

4. At the time the motion for a change of venue was filed, the State Board of Agriculture and 7 Utes Resort Ltd. had not filed answers to the complaint; the Board of County Commissioners for Jackson County had requested an extension of time to answer.

5. The district court held that C.R.C.P. 98(j) did not require all defendants to join in a motion for a change of venue under C.R.C.P. 98(a) or C.R.C.P. 98(b)(2) because a change of venue under those sections of the rule is mandatory. Following Board of County Commissioners v. District Court, 632 P.2d 1017 (Colo.1981), the court held that C.R.C.P. 98(b)(2), mandating venue for actions against public officials, rather than C.R.C.P. 98(a), mandating venue for actions relating to property, controlled venue for the contractual dispute involved in this case. The court found that the substance of the case was really a complaint against the Board of Land Commissioners, and not the county commissioners of Jackson County or the Board of Agriculture, so it transferred venue under C.R.C.P. 98(b)(2) to Denver.

or with the consent of all the plaintiffs or defendants, as the case may be.

Under this rule, consent to a change of venue must be affirmative, not mere silence or acquiescence in the motion to change venue. *Kirchhof v. Sheets*, 118 Colo. 244, 247, 194 P.2d 320, 321 (1948). In *Howard v. District Court*, 678 P.2d 1020 (Colo.1984), two of the defendants filed an answer to the complaint, thus consenting to the venue chosen by the plaintiff, and C.R. C.P. 98(j) barred a motion for a change of venue to the residence of two other defendants under C.R.C.P. 98(c)(1). However, the failure to comply with C.R.C.P. 98(j) does not bar all motions for a change of venue; in *Tillery v. District Court*, 692 P.2d 1079 (Colo.1984), we held that a discretionary change of venue under C.R.C.P. 98(f)(2) does not depend upon the consent of all the defendants. C.R.C.P. 98(f)(2) permits a change of venue made in the interests of justice, not subject to the time restrictions imposed on other motions for a change of venue, and similarly not subject to the consent requirement of C.R.C.P. 98(j). *Id.* at 1083. We conclude that a motion for a change of venue under C.R.C.P. 98(b)(2) also may be made without the consent of all the defendants.

▉▉▉ Statutory and judicially created rules requiring that all plaintiffs or all defendants join a motion for a change of venue arose from a legal theory that all parties on one side of a lawsuit represent a single interest and therefore act in concert. 92 C.J.S. *Venue* § 133 (1955); *In re Greybull Valley Irr. Dist.*, 52 Wyo. 479, 76 P.2d 339, 344–45 (1938). The theory has been undermined by the recognition that the interests of parties on one side of a lawsuit may differ; for example, we limit an attorney's representation of more than one party. *See* C.P.R. DR5–105, DR5–106. C.R. C.P. 98(j) still applies, however, to motions for a change of venue under C.R.C.P. 98(c)(1), which requires that, if no other venue is mandated, an action be tried in the county in which any defendant resides or any nonresident defendant is served.[6] A defendant who answers the complaint or does not join a motion for a change of venue has consented to venue in the county of the plaintiff's choosing. He therefore is treated as though he resided in that county, and venue may not be changed under C.R.C.P. 98(c)(1). However, C.R.C.P. 98(b)(2) is mandatory; it controls all claims against public officers and supersedes C.R. C.P. 98(c)(1).[7] Any party may move for a change of venue in accordance with C.R. C.P. 98(b)(2), and the trial court should consider the motion without regard to C.R. C.P. 98(j).

## II.

7 Utes next asserts that proper venue for its claims should be determined under C.R. C.P. 98(a), which applies to actions affecting real property.[8] Under C.R.C.P. 98(a), the action would be tried in Jackson County, where the property subject to the special use permit is situated. The board maintains that the lawsuit is principally an *in personam* suit against the board, and therefore venue should be controlled by C.R.C.P. 98(b)(2).

**6.** C.R.C.P. 98(c)(1) provides:

Except as provided in sections (a), (b), and (c)(2) through (6) of this Rule, an action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county; or if the defendant is a nonresident of this state, the same may be tried in any county in which the defendant may be found in this state, or in the county designated in the complaint, and if any defendant is about to depart from the state, such action may be tried in any county where the plaintiff resides, or where defendant may be found and service had.

**7.** By its terms, C.R.C.P. 98(c)(1) applies only when several other sections of the rule, including C.R.C.P. 98(b), do not apply. *See supra* note 6; *Board of Water Commissioners v. Board of County Commissioners*, 187 Colo. 113, 528 P.2d 1305 (1974).

**8.** C.R.C.P. 98(a) provides:

All actions affecting real property, franchises, or utilities shall be tried in the county in which the subject of the action, or a substantial part thereof, is situated.

In determining the proper venue for an action, the substance rather than the form of the action controls. *Colorado National Bank v. District Court*, 189 Colo. 522, 542 P.2d 853 (1975); *City and County of Denver v. Glendale Water & Sanitation District*, 152 Colo. 39, 380 P.2d 553 (1963). An action affecting real property is one in which "title, lien, injury, quality or possession" is at issue. *Craft v. Stumpf*, 115 Colo. 181, 182, 170 P.2d 779, 780 (1946); *see Gordon Inv. Co. v. Jones*, 123 Colo. 253, 227 P.2d 336 (1951); *Jameson v. District Court*, 115 Colo. 298, 172 P.2d 449 (1946). An action for damages alone is not one affecting real property. *Craft v. Stumpf*, 115 Colo. at 182, 170 P.2d at 780; *see* 77 Am.Jur.2d *Venue* § 11 (1975).

The present case presents no question as to the right to title or possession of property. The property is acknowledged to be state land, and the board has not granted exclusive possession of it to anyone. The special use permit reserves to the board the right to grant additional leases, permits and rights-of-way for the same property. Three counts of the complaint request injunctive relief or damages against the board and its employees for breach of contract, estoppel and breach of duty. The fourth claim requests declaratory relief in construing the special use permit. The lawsuit affects the property only in that it requests that the special use permit be construed as a contract requiring the board to negotiate a lease. A motion for a preliminary injunction filed with the complaint would prevent the board from seeking competitive bids for leasing the property. Such declaratory and injunctive relief would operate against the members of the board, not against the land itself. Therefore, 7 Utes' claims against public officers, which only incidentally affect the land, should be tried in the county of residence of the public officials. *Board of County Commissioners v. District Court*, 632 P.2d 1017 (Colo.1981); *City & County*

*of Denver v. Glendale Water & Sanitation District*, 152 Colo. 39, 380 P.2d 553.[9] Under C.R.C.P. 98(b)(2), the residence of the public entity lies in the county from which it acts, in this case Denver. *Board of Water Commissioners v. Board of County Commissioners*, 187 Colo. 113, 528 P.2d 1305 (1974). The district court correctly determined that the action was brought against the members of the board and should be tried in Denver.

### III.

7 Utes' final claim is that the district court should have deferred to 7 Utes' choice of venue because three separate public entities, the board, the State Board of Agriculture, and the Jackson County Board of County Commissioners, are named defendants in the suit. These public entities officially reside in, respectively, Denver, Larimer County and Jackson County. Generally, a plaintiff has the right to choose the place of trial when venue in more than one county would be proper. *Welborn v. Bucci*, 95 Colo. 478, 37 P.2d 399 (1934); *Smith v. Huber*, 666 P.2d 1122 (Colo.App.1983). However, we do not agree with 7 Utes' contention that this case involves three different counties in which venue could be placed.

The substance of the complaint is injunctive relief and a request for damages against the board. Three of the claims for relief specify that no claim is made against any of the other defendants. Only under the claim for declaratory judgment does 7 Utes assert that the requested relief affects any interests of the Board of Agriculture or the Jackson County commissioners. The allegations of the complaint note only that the Board of Agriculture has certain property that might be purchased by 7 Utes if it obtains a lease and that the Jackson County Commissioners have an interest in zoning and developing the permit

---

9. Our conclusion is consistent with the law of other jurisdictions in cases in which the actions of public officials affect real property. *See Tri-* *State Corp. v. State ex rel. Gallion*, 272 Ala. 41, 128 So.2d 505 (1961); *East Coast Grocery Co. v. Collins*, 96 So.2d 793 (Fla.1957).

area.[10]  These interests are tangential to the establishment of 7 Utes' claims against the board.

C.R.C.P. 98(b)(2) controls venue for actions against public officers for acts done or the failure to perform acts in public office.[11]  7 Utes has made no complaint against the State Board of Agriculture or the Jackson County Board of County Commissioners for any acts that they have done or failed to do.  C.R.C.P. 98(b)(2) places venue only as to the claims against the board.  Therefore, the district court correctly concluded that Denver is the proper place for trial.

Rule discharged.

10.  Section 13–51–115, 6 C.R.S. (1973) and C.R.C.P. 57(j) require that all parties having any interest that might be affected by a declaratory judgment must be made parties to the action. This requirement does not allow a plaintiff to establish the venue of an action in any county he chooses by naming additional parties residing in that county as defendants in a claim for declaratory relief.  Because of our application

of C.R.C.P. 98(b)(2) to this case, however, we need not reach the question of whether the State Board of Agriculture or the Board of County Commissioners of Jackson County were named improperly as defendants.

