Patrick HAWKINSON, Petitioner,

v.

Grafton BIDDLE, Magistrate, Arapahoe County Court; and John P. Leopold, Judge, Arapahoe District Court, Respondents.

No. 94SA152.

Supreme Court of Colorado,
En Banc.

Sept. 12, 1994.

Patrick Hawkinson, pro se.

Justice ERICKSON delivered the Opinion of the Court.

The petitioner, Patrick Hawkinson, *pro se,* brought this original proceeding seeking relief in the nature of mandamus and prohibition. Under C.A.R. 21, when an appeal is not an adequate remedy, this court has original jurisdiction to determine whether a trial court exceeded its jurisdiction or seriously abused its discretion. *People v. Young,* 814 P.2d 834, 838 (Colo.1991). Hawkinson contends that the county court abused its discretion by not allowing Hawkinson to proceed in forma pauperis. We issued a rule to show cause and now discharge the rule.

On May 24, 1993, Hawkinson commenced a civil action by filing a complaint requesting a restraining order, a motion to proceed in forma pauperis, and a petition for a writ of habeas corpus. The respondent, Arapahoe County Court Magistrate Grafton Biddle, denied the request for a restraining order, the motion to proceed in forma pauperis, and the petition for habeas corpus. Subsequently, Hawkinson requested the magistrate to reconsider his prior rulings and offered to pay twenty dollars as a filing fee when the filing fee was eighty-one dollars. On September 10, 1993, the magistrate reconsidered his previous ruling and held:

> Court denied [Hawkinson's] motion for restraining order because the court did not believe [the defendant] was capable of doing anything to [Hawkinson] while he is in the state penitentiary *and* that [Hawkinson's] allegations are not true; also, [Hawkinson] lacks standing to ask for a restraining order of the other three persons listed in his motion for restraining order.

> Court denied [Hawkinson's] request for writ of *habeas corpus* because [§ 13–45–101, 6A C.R.S. (1987) ] deals with criminal proceedings.

Hawkinson appealed to the district court on November 19, 1993, alleging that the magistrate erred by failing to permit him to proceed in forma pauperis. Hawkinson did not allege error in the magistrate's denial of the petition for a writ of habeas corpus or the denial of the request in his complaint for a restraining order. Although the district court allowed Hawkinson to proceed in forma pauperis on appeal, it nevertheless found that any error in the magistrate's September 10 ruling was harmless and that the magistrate did not abuse his discretion by refusing to

allow Hawkinson to proceed in forma pauperis.

█ Hawkinson contends that the magistrate abused his discretion in denying his motion to proceed in forma pauperis. Hawkinson does not assert that the magistrate erred in denying his motion for a restraining order or habeas corpus relief. The magistrate's ruling on Hawkinson's motion to proceed without paying court fees, however, does not constitute reversible error because the magistrate determined Hawkinson's substantive claims, and denied relief.

The magistrate's determination of the merits of Hawkinson's substantive claims is not an issue in this case. The denial of the petition to proceed in forma pauperis did not constitute reversible error or prejudice the petitioner.

Accordingly, the rule is discharged.