### In re SANCTUARY HOUSE, INC., Plaintiff.

v.

### Garrison KRAUSE; Silvia Jimenez Krause; and Rancho Pacifico, S.A., a Costa Rican corporation, Defendants.

#### No. 07SA310.

Supreme Court of Colorado, En Banc.

March 3, 2008.

---

Lester, Sigmond, Rooney & Schwiesow Erich Schwiesow, Alamosa, Colorado, Attorney for Plaintiff.

Anthony L. Martinez, Salida, Colorado, Attorney for Defendants.

Justice RICE delivered the Opinion of the Court.

This original proceeding arises out of Plaintiff Sanctuary House, Inc.'s claims that Defendants Garrison Krause, Silvia Jimenez Krause, and Rancho Pacifico, S.A. failed to convey to it real estate located in Costa Rica as required by the parties' purchase agreement. Sanctuary House brought suit against Defendants in Chaffee County District Court seeking rescission of the parties' contract, damages, attorneys' fees, and an accounting. In response to Defendants' motion to dismiss the action, the trial court ruled that the action was one "affecting real property" within the meaning of C.R.C.P. 98(a), and ordered the case transferred to the venue in which the property at issues lies—namely, Costa Rica.

We issued a rule to show cause to Defendants and we now make that rule absolute, holding that because venue is subservient to jurisdiction, a trial court is not deprived of subject matter jurisdiction regardless of whether the action is one "affecting real property." In any event, we find that Sanctuary House's action is not one "affecting real property" within the meaning of C.R.C.P. 98(a).

## I. Facts and Procedural History

Sanctuary House brought suit against Defendants in Chaffee County District Court. The First Amended Complaint alleged that Defendants are each residents of Colorado, and that in July 2003, Sanctuary House entered into an agreement with Defendant Garrison Krause for construction and purchase of an undivided one-quarter interest in a residence club villa on land located in Costa

Rica. As part of that same transaction, Sanctuary House also agreed to purchase from Defendants another lot in the same area. It was further alleged that Sanctuary House paid $50,000 to Defendants per their agreement, but that Defendants failed to convey the subject property to Sanctuary House or perform their contractual duties attendant to the promised conveyance. The First Amended Complaint asserted claims for breach of contract, fraud, civil theft, deceptive trade practices, securities fraud, and tortious interference with business, and sought the remedies of rescission of the parties' contract, damages, attorneys' fees, and an accounting.

In lieu of an answer, Defendants filed a motion to dismiss the First Amended Complaint for lack of subject matter jurisdiction pursuant to C.R.C.P. 12(b). Defendants alleged that Sanctuary House was, at bottom, seeking specific performance of the parties' real estate purchase contract, and therefore Sanctuary House's action was one "affecting real property." Because C.R.C.P. 98(a) requires that "[a]ll actions affecting real property, franchises, or utilities shall be tried in the county in which the subject of the action, or a substantial part thereof, is situated," Defendants argued that the action must be dismissed given that the subject land is located in Costa Rica.

The trial court ruled that the question presented was one of venue, not jurisdiction, but agreed that the substance of Sanctuary House's claims turned on whether Defendants conveyed the subject property to Sanctuary House under Costa Rican law. It therefore found that the action was one "affecting real property" within the meaning of C.R.C.P. 98(a), and ordered the case transferred to a venue in which the property at issue lies. Though the trial court noted that the property lies in Costa Rica, it held that the issue of transferring the case to that independent nation was one "for plaintiff to resolve." Sanctuary House then filed a Petition to Show Cause in this court.

## II. Original Jurisdiction

Under C.A.R. 21, this court has original jurisdiction to determine whether a trial court seriously abused its discretion in circumstances where an appeal would not be an adequate remedy. *Hawkinson v. Biddle,* 880 P.2d 748, 748 (Colo.1994). An appeal is inadequate in this instance because the trial court's order put the case in limbo: the action has not been dismissed, but rather purportedly transferred, so there is no final judgment from which an appeal could properly be taken. *See* C.A.R. 1(a). Sanctuary House cannot continue the action, though, because the trial court purported to transfer the case to Costa Rica. That purported transfer was void, as a district court only has the power to transfer an action to another court in the same jurisdiction. *See* Jack H. Friedenthal, Mary Kay Kane & Arthur R. Miller, *Civil Procedure* § 2.17 (4th ed.2005). We therefore exercise our original jurisdiction under C.A.R. 21.

## III. Analysis

■ This case presents a question of venue, not a question of jurisdiction. Jurisdiction is the authority of a court to hear and decide a case presented to it. *Hill v. Dist. Court,* 134 Colo. 369, 373–74, 304 P.2d 888, 891 (1957). A court's jurisdiction consists of two elements: jurisdiction over the subject matter (subject matter jurisdiction) and jurisdiction over the parties and property before it (personal, in rem, or quasi in rem jurisdiction). *People ex rel. Clinton,* 762 P.2d 1381, 1386 (Colo.1988). Once it is established that the courts of Colorado have jurisdiction to hear an action, the question of venue determines which particular Colorado court should hear and try the case.[1] *See* Friedenthal et al., *supra,* § 2.1. In this case, the parties do not dispute that the courts of Colorado have subject matter jurisdiction over the action and have personal jurisdiction over the parties. Rather, they dispute

---

1. Given this framework, if Colorado courts have jurisdiction over a case, there should not be a circumstance under which venue compels that the case not be heard in Colorado, unless a court determines that the doctrine of forum non conveniens applies. *See* § 13–20–1004, C.R.S. (2007); *McDonnell–Douglas Corp. v. Lohn,* 192 Colo. 200, 201–02, 557 P.2d 373, 374 (1976).

whether venue is proper in Chaffee County District Court.[2]

Venue is controlled by C.R.C.P. 98, which provides in relevant part:

(a) **Venue for Real Property, Franchises, and Utilities.** All actions *affecting real property*, franchises, or utilities shall be tried in the county in which the subject of the action, or a substantial part thereof, is situated.

(Emphasis added). Thus, if Sanctuary House's action is one "affecting" real property, Rule 98(a) purports to require that the action shall be tried in the county where the real property is located, even though the real property is not located in Colorado. It is not disputed that the trial court has jurisdiction over this action, and venue is subservient to jurisdiction—matters of venue cannot divest the court of jurisdiction. The trial court's order purporting to transfer the action to Costa Rica is plainly erroneous given this framework.

However, the trial court reasoned that venue is improper in Chaffee County pursuant to the Defendants' Rule 98 challenge. The trial court's Rule 98 analysis was founded upon its conclusion that Sanctuary House's action is one "affecting real property." Venue, as noted above, is not jurisdictional, but may be changed upon filing of a timely motion to change venue. Rule 98 only involves questions of transfers of cases within the state of Colorado for purposes of venue. In this case, because the trial court ruled that this was an action affecting real property within the meaning of Rule 98(a), we take this opportunity to review the trial court's analysis. We conclude that this is not an action "affecting real property" within the meaning of Rule 98(a).

We have had several occasions to review the language of Rule 98(a). In analyzing a prior version of C.R.C.P. 98(a) that applied to all actions "affecting property," we have held that the rule "has to do with actions affecting specific property and does not control in an action in which there is no issue as to title, lien, injury, quality or possession, but which is concerned only with recovery of the purchase price." *Craft v. Stumpf,* 115 Colo. 181, 182, 170 P.2d 779, 780 (1946). Thus, we held that an action to recover the purchase price of a restaurant and liquor store was not one "affecting property" per Rule 98(a). *Id.*

In the same term, we again addressed Rule 98(a) and held that "[t]o 'affect' is as broad a term as '[to determine] a right or interest in.'" *Jameson v. Dist. Court,* 115 Colo. 298, 300, 172 P.2d 449, 450 (1946) (alteration in original). We cautioned that in determining whether an action was one "affecting property," it was the substance of the action, not its form, that controlled. *Id.* at 301, 172 P.2d 449, 172 P.3d at 451. Thus, where a plaintiff sought to rescind a contract for sale of timber and to enjoin a defendant from continuing his operations with that timber, we held that the action was one "affecting property" because its true purpose was to determine title to the timber in question. *Id.* at 299–300, 172 P.3d at 450.

We have applied these principles to find that an action to terminate a real estate lease is also one to recover possession and therefore "affects property." *Gordon Inv. Co. v. Jones,* 123 Colo. 253, 259, 227 P.2d 336, 339 (1951). Construing the current version of Rule 98(a), we have held that an action seeking a declaration of parties' rights to real property was one "affecting real property," *Colo. Nat'l Bank v. Dist. Court,* 189 Colo. 522, 525, 542 P.2d 853, 856 (1975), but that an action seeking a declaration of the extent of a special use permit on federal land was not. *7 Utes Corp. v. Dist. Court,* 702 P.2d 262, 266 (Colo.1985).

Defendants argue that in light of this precedent, the case at hand is one "affecting real property" because to prevail on its claims, Sanctuary House must prove that Defendants failed to convey to it the land in ques-

---

**2.** In its Motion to Dismiss, Defendants purported to seek dismissal for lack of subject matter jurisdiction. However, Defendants' arguments are directed solely at the question of whether C.R.C.P. 98 is satisfied. As C.R.C.P. 98 controls venue, and not subject matter jurisdiction, it is apparent that Defendants have merely contested venue with mistaken terminology. Cf. *Dep't of Revenue v. Borquez,* 751 P.2d 639, 642–43 (Colo. 1988) (analyzing district courts' subject matter jurisdiction).

tion. Thus, they claim, the ownership of the land is at issue, making this an action "affecting real property" in substance, if not in form.

We are not persuaded by Defendants' argument. First, Defendants have not shown that the ownership of the land at issue is disputed and will need to be resolved by the trial court. Sanctuary House has clearly alleged in its First Amended Complaint that Defendants failed to convey the land, and in their "Motion to Dismiss" (more properly termed a motion to transfer venue), Defendants did not dispute that claim. Defendants bore the burden of showing why a transfer of venue was warranted in this case, *see Cliff v. Gleason*, 142 Colo. 500, 502, 351 P.2d 394, 396 (1960), yet Defendants made no showing that the ownership of the land was disputed and would require resolution by the trial court. Accordingly, on this record there is no basis to find that this is an action where the ownership of real property will need to be determined. Because this is not an action presenting an "issue as to title, lien, injury, quality or possession," *Craft*, 115 Colo. at 182, 170 P.2d at 780, it cannot be an action "affecting real property" according to our precedent.

Second, even if there were a genuine dispute as to the ownership of the land at issue, this still would not be an action "affecting real property." Sanctuary House does not seek any remedies pertaining directly to the property; for instance, it does not seek a declaratory judgment regarding the ownership of the property, nor does it seek an injunction to dispossess another of the property. *Cf. Colo. Nat'l Bank*, 189 Colo. at 524, 542 P.2d at 855 (plaintiff sought declaratory judgment of ownership and injunctive relief, thereby affecting title and possession); *Gordon*, 123 Colo. at 259, 227 P.2d at 339 (plaintiff sought to terminate lease and recover possession, thereby affecting possession); *Jameson*, 115 Colo. at 299, 172 P.2d at 450 (plaintiff sought to enjoin defendant's use of property in question, thereby affecting possession).

Even if the trial court were required to resolve a dispute as to whether the land was in fact conveyed to Sanctuary House, that analysis would only be ancillary to the issue of whether Defendants breached their contract with Sanctuary House, entitling it to the requested remedies of rescission, damages, attorneys' fees, and an accounting. The trial court's resolution of that ancillary issue would not directly affect the land in question. Should one of the parties wish to obtain a binding ruling regarding the title or possession of the land in question, it would have to pursue such claims in a separate action filed in Costa Rica, where the land is located. In that foreign action, the effect of the Colorado trial court's prior determination (if any) of the subsidiary issue of land conveyance would be determined by the legal principles of claim preclusion (res judicata), issue preclusion (collateral estoppel), and Costa Rica's law on the recognition of foreign judgments or legal determinations.

Thus, given the record presented and the remedies sought by Sanctuary House, the case at hand does not "affect real property" within the meaning of Rule 98(a).

## IV. Conclusion

We conclude that the trial court abused its discretion in purporting to transfer this action to Costa Rica. Because venue is subservient to jurisdiction, a trial court is not deprived of subject matter jurisdiction regardless of whether Sanctuary House's action is one "affecting real property." In any event, this action is not one "affecting real property" within the meaning of C.R.C.P. 98(a). We make the rule absolute and remand the case for proceedings consistent with this opinion.

Justice COATS concurs in the judgment only.

Justice COATS, concurring in the judgment only.

I would make the rule absolute because I believe the district court erred, as a matter of law, in finding Chaffee County to be an improper venue. The plaintiff's claims are clearly personal in nature, and the district court appears to have jurisdiction over both the subject matter of the claims and the parties. Although there may be adequate

reason from the reported cases of this court to conclude otherwise, I believe that C.R.C.P. 98(a), which circumscribes permissible venues for actions having real property as their subject, is properly construed to apply only to actions that are, with minor exceptions, truly *in rem.*

It seems to me, however, entirely too facile to characterize the district court's ruling as presenting merely a question of venue, and not jurisdiction as well. The motion upon which the district court ruled was a motion to dismiss, pursuant to C.R.C.P. 12, and it expressly challenged the jurisdiction of the court. While the motion referenced analogous venue concerns in actions affecting real property and the district court purported to rule on the basis of Rule 98(a), the court acknowledged that the rationale for its ruling would preclude a finding of proper venue anywhere in the state. Of necessity, then, the district court ruled either that the courts of this state lack jurisdiction over the plaintiff's claims, or that no court in the state, despite having jurisdiction to do so, is permitted by the venue rule of this court to provide the plaintiff a forum.

Despite being couched in terms of venue, the rationale for the district court's order therefore goes directly to the capacity of the courts of this jurisdiction to adjudicate claims having an impact on real property situated in other states or countries. Because the rule, by its owns terms, is applicable to "all actions affecting real property," I do not think it can fairly be construed to apply only to those actions affecting real property situated in this state. (Nor do I consider it adequate to simply declare venue subservient to jurisdiction.) Similarly, however, I do not believe this court's prior interpretations of the word "affecting," in Rule 98(a) and its predecessors, can be understood to designate Chaffee County a proper venue for these claims, much less be reconciled with an interpretation of Rule 98(a) capable of providing a proper forum somewhere for every action over which the courts of this state have jurisdiction. *See Colo. Nat'l Bank v. Dist. Ct.,* 189 Colo. 522, 524–25, 542 P.2d 853, 855–56 (1975) (finding that substance of action challenging enforceability of option to pur-chase directly affected ownership of property); *see also Jameson v. Dist. Ct.,* 115 Colo. 298, 300, 172 P.2d 449, 450 (1946) (holding that subject of action to rescind contract to purchase property is ultimately the property rather than the contract).

Rather than attempt to distinguish this action from others we have previously found to be included within our broad reading of the term "affecting," I would take this opportunity to construe Rule 98(a), with regard to real property, as prescribing venue only for actions seeking to resolve actual ownership interests in, or perhaps direct injury to, real property. Since we amended the rule in 1975 to make clear that its reference to property intends only "real" property, it is unnecessary to decide whether the rule should ever have been construed to address personalty; but it seems obvious that our failure to limit the predecessor rule to real property is directly responsible for our broad reading of the term "affecting" and our failure to distinguish contract from conveyance, or a contractual right to acquire an interest in property from existing interests in property itself. The ensuing debate over the scope of the term "affecting" has led us away from the central and meaningful question—whether immovable property situated elsewhere is actually the subject of the litigation.

I am convinced that our special venue rule for real property embodies, and was merely intended to extend to separate vicinities within the jurisdiction, the "transitory"/"local" distinction long held to govern the appropriate allocation of jurisdiction among various sovereign powers. *See Centennial Petroleum, Inc. v. Carter,* 529 F.Supp. 563, 564 (D.Colo.1982); *see generally* 17 *Moore's Federal Practice* § 110.20 (3d ed.2007). I can divine no meaningful rationale for having a more restrictive rule for venue in real property actions within the state than for asserting the jurisdiction of the state over real property actions in the first place, and the imposition of such a restriction by court rule can lead, as this case demonstrates, to a de facto restriction of the state's jurisdiction. The rule is our own, and I would construe it now, even if that has not always been the case, to impose no greater limitation on ven-

ue for actions concerning real property than applies to the determination of jurisdiction itself. Except in the limited case of actions qualifying as local for purposes of jurisdiction, venue should not be determined by the location of real property.

Because the plaintiff's complaint raises contract-related claims against particular defendants, over whom it has personal jurisdiction, I would find that the real property that is the subject of the contract is not also the subject of the action, and therefore venue in Chaffee County is not rendered improper by C.R.C.P. 98(a).

I therefore concur in the judgment only.